HORACE GOODRICH & another *vs.* ALLEN S. YALE.

If the declaration in an action contains but one count, setting forth various trespasses upon real estate, accompanied by particular acts of injury, a judgment therein for a portion of such acts is a bar to a subsequent action to recover damages for others of the same acts.

TORT. The declaration, after setting forth the plaintiffs' title, alleged, in one count, that on divers days and times between the 9th of October 1857 and the 17th of December 1860 the defendant wrongfully closed the gate of the plaintiffs, at their reservoir dam in Stockbridge, and shut back the water from the plaintiffs' mill. Writ dated October 9th 1863. The defence was, a former recovery for the same cause of action.

At the trial in the superior court, before *Morton*, J., it appeared that on the 2d of January 1863 the plaintiffs sued out a writ against the defendant and William Whitney, upon a bond signed by them, dated October 24th 1849, the condition of which recited that " whereas said Yale has hitherto been guilty of various acts of trespass and malicious mischief to the mill, machinery, dam and other property of said Goodrichs in Stockbridge," and provided that " if the said Yale shall from this time henceforth and forever wholly and absolutely abstain from all trespasses, injuries, mischiefs and annoyances to the property of said Goodrichs," " and all other unlawful acts whatsoever which shall in any wise tend to molest, disturb or injure the said Goodrichs in the enjoyment of their property," then the bond should be void.

The declaration in the action upon this bond contained one count, which alleged, among other things, that Yale, at divers

times between the day of executing the bond and the commencement of the action, entered upon the plaintiffs' real estate without right and raised the gate of their dam, and caused the water to flow down and waste their reservoir and at times flood their mill, and then, by shutting the gate, took away the water from their mill, and by his acts of trespass rendered the mill valueless.

At June term 1863 the court passed the following order: " Ordered by the court that Henry W. Taft and Edward H. Owen be appointed assessors in the above entitled case; and they are to notify, meet and hear the parties, assess the damages occasioned to the plaintiffs by the raising of the gate in the reservoir dam, and make report thereof to the court." The assessors, after a hearing, reported " that the damages sustained by the plaintiffs in this case amount to the sum of one hundred and twenty-five dollars." Judgment was entered upon this report.

Upon these facts, the judge ruled that the present action was barred by the former judgment; and a verdict was accordingly returned for the defendant. The plaintiffs alleged exceptions.

*J. E. Field,* for the plaintiffs, cited *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331, and cases there cited; *Sawyer* v. *Woodbury,* 7 Gray, 499; *McDowell* v. *Langdon,* 3 Gray, 513; *Gilbert* v. *Thompson,* 9 Cush. 348; *White* v. *Moseley,* 8 Pick. 356; *Jones* v. *Fales,* 4 Mass. 255; *Bridge* v. *Austin,* Ib. 117.

*H. W. Bishop,* (*M. Wilcox* with him,) for the defendant.

Dewey, J. In what cases a former judgment in a suit between the same parties shall operate as a bar to further litigation by a new action, is a question of much nicety. The difficulty arises not so much for want of certain general rules upon the subject, as from the doubt as to which class of cases the one which is the subject of inquiry belongs.

A suit and judgment thereon for the same cause of action are said to be absolutely conclusive, as a bar to a second action But it is equally true that the mere fact that the plaintiff has in his former action declared for the same causes of action does

not necessarily present a case where the judgment in such action shall be a bar to a subsequent suit, for one of the causes set forth in the former. Thus in *Seddon* v. *Tutop*, 6 T. R. 607, where the plaintiff in the former action had in different counts declared on a promissory note and for goods sold, and, the defendant being defaulted, the plaintiff, upon executing his writ of inquiry, gave no evidence on the count for goods sold, and took his damages for the promissory note only, it was held that the judgment was no bar to his recovering in a subsequent action for the goods sold. But in that case there were two distinct demands set forth in distinct counts, and not in the least blended together. It is also true, as held in the case of *White* v. *Moseley*, 8 Pick. 356, that when there are distinct torts, committed consecutively, but on different localities, and the plaintiff institutes his action for one only, such former suit and judgment thereon, although the action might properly have embraced both the torts, yet constitutes no bar to a second action for the other act. On the other hand, the case of *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331, strongly asserts and applies the principle that a judgment in a civil suit upon a certain alleged cause of action is conclusive upon the parties in relation to it, and that another suit for the same cause cannot be maintained for any purpose whatever. In that case the subjects of damages in the different actions were wholly distinct, the one being the loss of a shop, and the second the loss of a dwelling-house. No damages had been claimed or recovered in the first action for the loss of the house, but the loss of each was caused by the same tortious act, and one recovery for any part of the damages caused by such act was held a bar to a second action. It was said by the court in that case: " It would be unjust, as well as in violation of the fixed rule of law, to allow the plaintiff to subject the defendants to the hazard and expense of another suit to obtain an advantage which he lost either by his own carelessness and neglect, or by an intentional withholding of a part of his proof."

We have stated these authorities, selected from the very numerous cases that have been decided, that we might have

some landmarks to guide us in the application of the rules of law to the present case. The inquiry is, under which, if either of these classes does the present case fall? It certainly differs from the case of *Seddon* v. *Tutop*, 6 T. R. 607, in the fact that there the causes of action were on the face of them distinct and independent, and were sought to be enforced as such by separate counts. That case only shows that a party may omit to assess his damages on one of several distinct counts for acknowledged distinct causes of action, and, if he does so, a judgment for damages upon the other causes of action will not bar a second suit for the causes of action for which no damages were assessed.

The doctrine of this case is not entirely free from objection, inasmuch as it allows a party unnecessarily to subject the other party to a second suit, after the plaintiff has elected to unite two causes of action in one suit, and when he has had full opportunity to obtain judgment for his entire damages. The case before us differs from *White* v. *Moseley*, 8 Pick. 356, in the fact that there the particular tort, the subject of the second action, was not embraced in the declaration, or set forth as the cause of complaint in the first action. It differs also in the fact that there the torts were committed on different localities, the one on the premises of the plaintiff and the other not. That case came before the court under very peculiar circumstances. The plaintiff had, in the trial of his former suit, insisted upon his right to recover damages for the cause of action set up in the second suit; but, the defendant opposing it upon the ground that the alleged trespass *quare clausum* did not embrace the close where the second injury was done, the court ruled that evidence to support this claim of the plaintiff was not admissible, it being a distinct cause of action. 5 Pick. 230. In the trial of the second action, the ruling maintaining it was based entirely upon the assumption that the acts of the defendant were separate torts, and therefore constituted more than one cause of action. The inquiry therefore will be, whether the present case, differing as it does from *Seddon* v. *Tutop*, in having only a single count, charging combinedly a tort by raising

and then shutting down the gate of the plaintiffs, instead of two distinct counts for separate causes of action, comes within the principle there decided. The like inquiry will also arise as to the effect of the difference in the circumstances we have alluded to in the case of *White* v. *Moseley,* in distinguishing that case from this.

If this shall be taken to have been but one cause of action although damages might properly have been assessed for various distinct acts, then the case we have cited of *Trask* v. *Hartford & New Haven Railroad,* which is abundantly sustained by other authorities, would be decisive upon the point that the former judgment is a bar to this action.

The case is barren of all evidence as to the nature of the grievance complained of, except as shown by the record of the proceedings in the two actions. We turn, therefore, to the declaration in the first action. We find there that the tort complained of was, that on divers days the defendant entered upon the real estate of the plaintiffs without right, and raised the gates of their dam and caused the water to flow down and waste their reservoir, and at times to flood their mill, and then, by shutting the gate, took away the water from their mill. Here the acts causing the damages are stated as a series of connected acts, occurring while the defendant was a trespasser, by entering without right upon the real estate of the plaintiffs, and the answers of the defendant so treated the same, denying the allegation that he had entered upon the plaintiffs' real estate without right, and denying all the acts alleged as wrongs connected with the trespass.

Upon the issues thus joined, that case, as appeared by the copy of the record, was referred to the assessors, " to assess the damages occasioned to the plaintiffs by the raising of the gate in the reservoir dam, and make report thereof to the court." They did subsequently report that the damages sustained by the plaintiffs in this case amounted to the sum of $125, and judgment was thereupon entered for that sum. It is now said that this judgment is not a bar to the present action, because the court did not submit to the assessors this specific ground of

damage, and did not direct them to assess damages for shutting down the plaintiffs' gate. This is true; but it is equally true that they did not direct the assessors to assess damages for causing the water to flow down and waste their reservoir, and at times flood their mill, all of which were alleged as injuries. The order seems to have first declared a reference of the case. Then follows an imperfect description of the alleged causes of damages.

There is no apparent reason for naming one portion of the case rather than another as the subject for the assessment of damages. It was certainly not a full recital of the plaintiffs' alleged grievances. But if it were to be taken that the assessors only reported upon one of the alleged acts, it is quite clear that it was open to the plaintiffs to ask for a recommittal for that cause, and under an enlarged rule. But the plaintiffs were content to take these damages as the damages for the entire trespasses that were set forth in their declaration.

But however this may be, we are of opinion that the judgment in the former action must be a bar to the present one, inasmuch as the cause of action, as presented by the plaintiffs on the record, is one and the same. The grievance complained of was an illegal entry upon the plaintiffs' land, and by various acts, enumerated in the declaration, rendering their mill valueless. The particular acts causing the damage to the mill are not set forth, as connected with a separate entry, but as a series of acts, all of which are combined as causing the injury to the mill. It is true that the declaration does not restrict them to the proof of a single entry, but it does connect all these acts with each and every entry. It fails to state them as separate causes of action, or to allege them to have occurred at different times.

Finding the acts complained of in the present action to be embraced in the former declaration, and treated as one cause of action, and no reason appearing why they should not be so considered, the judgment in the former case would be equally a bar to the present action, whether the plaintiffs recovered damages in that action for all the acts connected with it or not.

*Exceptions overruled.*